Henry M. Lee, Bar No. 156041
HENRY LEE, LAW OFFICE
3731 Wilshire Boulevard, Suite 312
Los Angeles, California 90010
(213) 382-0955 Telephone
(213) 382-0956 Facsimile
Email: Henry@Henryleelawcorp.com

Attorneys for Plaintiff
Amir Pirouzian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMIR PIROUZIAN, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHILDREN SPECIALISTS OF SAN DIEGO, business entity of unknown organization; NORTHWESTERN MUTUAL INSURANCE COMPANY, a business entity of unknown organization; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:20-cv-00010-GW-AS<br><br>(Hon. George Wu)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　March 12, 2020<br>Time:　8:30 a.m.<br>Place:　350 West 1st Street,<br>　　　　Courtroom 9D, 9th Floor<br>　　　　Los Angeles, CA, 90012<br>Judge: George WU<br><br>Complaint Filed: March 6, 2019 |

-1-
Plaintiff's Notice of Motion and Motion for Remand
Case No.:2:20-cv-00010-GW-AS


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 12, 2020 at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9D located at 3350 W. 1st Street, 9th Floor, Los Angeles, CA, 90012.

Plaintiff Amir Pirouzian ("Plaintiff") will move the court for an order, pursuant to 28 U.S.C. section 1447(c), remanding this action to the Superior Court in and for the County of Los Angeles and granting attorneys fees and costs to Plaintiffs.

Plaintiff moves for remand on the grounds that this single declaratory relief action does not assert claims that could have been brought within the limited scope of the ERISA statute § 502(a)(1)(B) because he is not asserting any claim to recover past or clarification of future benefits.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on 01/28/20, whereby Plaintiff's counsel had a face to face meet and confer with Elise Klein, counsel for Defendant Children's Specialists of San Diego; Martin Rosen and Ophir Johna, counsel for Defendant The Northwestern Mutual Life Insurance Company to discuss the substance of the contemplated motion but were unable to reach a resolution.

Plaintiffs' Motion is based on this notice of motion and motion, the memorandum of points and authorities in support of this motion, and any other such further evidence and argument, both written and oral, as may be presented to the Court before the Motion is submitted for decision.

DATED:  1-31-20                                HENRY LEE LAW OFFICE

                                               By: _____
                                               Henry M. Lee, Attorney For Plaintiff

-2-
Plaintiff's Notice of Motion and Motion for Remand
Case No.:2:20-cv-00010-GW-AS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff asserts that remand of this case should issue because this single declaratory relief action does not assert claims that could have been brought within the limited scope of the ERISA statute § 502(a)(1)(B) because he is not asserting any claim to recover past or clarification of future benefits.

The Supreme Court's opinion in *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, (2004), is instructive on how to analyze removal and remand in an alleged ERISA issue. In *Davila,* a participant in and a beneficiary of ERISA-regulated employee benefit plans (collectively, " plaintiffs" ) brought separate state-law suits in state court arising out of injuries sustained as a consequence of their plans' denials of coverage. *Id.* at 204-05. Plaintiffs alleged that their plans' " refusal to cover the requested services violated their duty to exercise ordinary care when making health care treatment decisions, and that these refusals ' proximately caused' their injuries." *Id.* at 205 (quotations omitted). The plans removed plaintiffs' suits to federal district courts, contending that their claims " fit within the scope of, and were therefore completely pre-empted by, ERISA § 502(a)." *Id.* The Court began its analysis in *Davila* by quoting § 502(a)(1)(B).

That section provides: A civil action may be brought-(1) by a participant or beneficiary-... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The Court wrote, " If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." 542 U.S. at 210.

-3-
Plaintiff's Notice of Motion and Motion for Remand
Case No.:2:20-cv-00010-GW-AS

Under § 502(a)(1)(B), a " participant or beneficiary can also bring suit generically to ' enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Id.* If state-law causes of action come within the scope of § 502(a)(1)(B), those causes of action are completely preempted, and the only possible cause of action is under § 502(a)(1)(B). In that event, a federal district court has federal question jurisdiction, either original jurisdiction under § 1331(a) or removal jurisdiction under § 1441(a), to decide whether the plaintiff has stated a cause of action under §502(a)(1)(B). In order to determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B), the Court formulated a two-prong test. Under *Davila*, a state-law cause of action is completely preempted if (1) " an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) " where there is no other independent legal duty that is implicated by a defendant's actions." *Id.*

The two-prong test of *Davila* is in the conjunctive. A state-law cause of action is preempted by §502(a)(1)(B) only if both prongs of the test are satisfied. Defendant's Notice of Removal fails on both counts. First, Defendants cannot prove, and did not mention that, Plaintiff could have brought the state-law claim under § 502(a)(1)(B) of ERISA because Plaintiff's complaint seeks nothing within the scope of said section. Second, the Plaintiff seeks to remedy violations of legal duties that are independent of ERISA. Plaintiff's stated lawsuit is therefore not completely preempted by § 502(a)(1)(B).

1. *Davila's* First Prong

The question under the first prong of *Davila* is whether a plaintiff seeking to assert a state-law claim " at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)." 542 U.S. at 210. Plaintiff here only asserts a single cause of action for declaratory

relief, alleging that he merely seeks a declaration of his rights, that he did not commit fraud in receiving his past benefits. Plaintiff's complaint does not allege nor seek "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Whether a law or claim " relates to" an ERISA plan is not the test for complete preemption under § 502(a)(1)(B). Rather, it is the test for conflict preemption under § 514(a). A defense of conflict preemption under § 514(a) does not provide a basis for federal question jurisdiction under either § 1331(a) or § 1441(a). The Supreme Court has explained that, in such cases, federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if Plaintiff has made out a valid claim for relief under state law. The well-pleaded complaint rule was framed to deal with precisely this situation.... [S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense including the defense of preemption....*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 14, (1983) (citations omitted). *See also Met. Life Ins. Co.*, 481 U.S. at 64. (" ERISA preemption [under § 514], without more, does not convert a state claim into an action arising under federal law." ).

Defendants are free to assert in state court a defense of conflict preemption under § 514(a), but they cannot rely on that defense to establish federal question jurisdiction.

2. *Davila's* Second Prong

The question under the second prong of *Davila* is whether " there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. If there is some other

independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B).

The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA. Since the state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, but instead arise from Plaintiff's relationships with his employer and whether his employer engaged in fraud relative to the employment terms and conditions, and the declaration of rights between Plaintiff and his employer relative to allegations that Plaintiff committed fraud. The relationship between Plaintiff and his employer, including his termination, exist outside the scope of and are independent of an ERISA claim.

DATED: 1-31-20

HENRY LEE LAW OFFICE

By: _____
HENRY M. LEE
Attorneys for Plaintiff Amir Pirouzian

-6-
Plaintiff's Notice of Motion and Motion for Remand
Case No.:2:20-cv-00010-GW-AS