# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-0010-GW-ASx | Date | April 10, 2020 |
| Title | *Amir Pirouzian v. Children Specialists of San Diego, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:** IN CHAMBERS - RULING ON PLAINTIFF'S MOTION TO REMAND [16]; and DEFENDANT'S MOTION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM [10]

The Court finds that the present motions can be decided without the need for oral argument, especially given the lack of a filing of any opposition to the Motion to Remand. Therefore, pursuant to C.D. Cal.L.R. 7-15, the April 13, 2020 hearing date is taken off-calendar. Based on the foregoing discussion, the Court GRANTS Pirouzian's Motion to Remand and DENIES CSSD's Motion to Dismiss as now moot. This case is ordered remanded back to state court forthwith.

: 

Initials of Preparer    JG

I.   **Background**

Plaintiff Amir Pirouzian ("Pirouzian") alleges that defendants Children Specialists of San Diego ("CSSD") and Northwestern Mutual Life Insurance Company ("NMLIC" and, together with CSSD, "Defendants") "wrongfully, mistakenly, or falsely instructed [Pirouzian] as to how he could receive disability benefits." *See* Complaint ("Compl.") ¶ 3, Docket No. 1-1, Exh. A. Before the Court are Pirouzian's Motion to Remand and CSSD's Motion to Dismiss.

   A. Factual Background

Pirouzian brings a single claim for declaratory relief concerning benefits he received through his disability insurance plan. He alleges that CSSD formerly employed him as a licensed medical doctor. *Id*. ¶ 3. Due to an "extreme disability affecting his mental and emotional well-being," CSSD placed Pirouzian on disability status. *Id.* During this time, Pirouzian received benefits from his disability insurance plan, which NMLIC acknowledges it issued to CSSD. *See* Notice of Removal ("NoR") ¶¶ 10-11, Docket No. 1. CSSD ultimately terminated Pirouzian's employment. Compl. ¶ 3.

For its part, CSSD alleges that Pirouzian engaged in insurance fraud. *See* Motion to Dismiss ("MTD"), Docket No. 10. In its MTD, CSSD alleges that Pirouzian stopped working at CSSD back in August 2006 because of depression and anxiety. *Id.* at 3. CSSD placed Pirouzian on disability twice, with the second period beginning on July 1, 2007. *Id.* In December 2006, while on leave, Pirouzian applied for and ultimately accepted a full-time position with Kaiser Permanente Medical Center ("Kaiser"). *Id.* at 4. Pirouzian began working for Kaiser on July 16, 2007. *Id.* Even after starting work at Kaiser, Pirouzian repeatedly informed NMLIC that he was unable to work due to his disability, and so continued to receive disability payments. After NMLIC learned of Pirouzian's employment with Kaiser, it asked Pirouzian to reimburse more than $18,500 in disability payments and referred the matter to the California Department of Insurance. *Id.* at 5. The department began an investigation into Pirouzian, and a criminal complaint was filed, charging Pirouzian with presenting a false claim for insurance benefits. After that complaint was filed, Pirouzian paid $10,700 back to NMLIC. *Id.* Pirouzian pled guilty to a misdemeanor, agreed to pay restitution to the Department of Insurance and fines, and

1

had his conviction expunged. *Id*. at 5-6. In 2013, the local medical board initiated administrative proceedings against Pirouzian, which led to his medical license being revoked. *Id.* at 6. Afterwards, Pirouzian filed an ultimately unsuccessful state action to try reinstate his medical license. *Id.* at 7-9.

  B. <u>Procedural History</u>

  Pirouzian filed the Complaint in this case on March 6, 2019, in Los Angeles County Superior Court. He seeks declaratory relief to resolve the dispute over his disability benefits, including a resolution of the following issues: (1) whether CSSD terminated Pirouzian's employment based on incomplete, mistaken, or false information; (2) whether NMLIC's dispute over Pirouzian's disability claims was based on incomplete, mistaken, or false information; and (3) whether Pirouzian's receipt of disability benefits constituted misconduct of any kind. *See id.* ¶ 6(A)-(C). In addition, Pirouzian seeks "an accounting of all disability benefits which Defendants allege constitute any form of misconduct by [him]," and a "declaration that [Pirouzian]'s termination from employment and/or receipt of disability benefits did not rise to the level of willful, intentional, deceitful or fraudulent misconduct of any kind." *Id.*

  NMLIC, with CSSD's consent, removed the case to federal court on January 2, 2020. NMLIC argued that removal was proper because Pirouzian's claim is completely preempted by the civil enforcement provisions of Section 502(a) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). NoR ¶ 23. CSSD, on January 8, 2020, filed the MTD for failure to state a claim. *See* MTD. Pirouzian filed the instant Motion to Remand on January 31, 2020, arguing that his claim does not fall within the scope of ERISA § 502(a). *See* Motion to Remand ("Mot."), Docket No. 16. On March 17, 2020, the Court, pursuant to a joint stipulation from Pirouzian and NMLIC, dismissed NMLIC with prejudice from the case. *See* Docket No. 21. CSSD, the lone remaining defendant, did not oppose Pirouzian's motion to remand.

**II. Legal Standard**

  Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking removal has the burden of showing that the federal court has jurisdiction over the matter and that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts strictly construe the removal statute against removal jurisdiction, *id.*, and must

reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

### III. Discussion

#### A. Complete Preemption

ERISA can preempt state law in two ways: "complete preemption" and "conflict preemption." The former transforms state-law claims into federal claims; the latter allows a defendant to "defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an affirmative defense." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1261 n.16 (11th Cir. 2011). The difference between the two is critical here, because while the former can form the basis for removal jurisdiction, the latter generally cannot.

Complete preemption under ERISA § 502(a) is "really a jurisdictional rather than a preemption doctrine, [as it] confers . . . federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir.2008). The Supreme Court first articulated the doctrine of complete preemption under ERISA § 502(a) as a basis for federal-question removal jurisdiction under 28 U.S.C. § 1441(a) in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987). The Supreme Court held that Section 502(a) reflected Congress's intent to "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id*. at 63–64. The consequence of this complete preemption is that the claims within Section 502(a)'s scope, regardless of how they are pled, are necessarily federal and therefore removable. Complete preemption removal is an exception to the rule that a "plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir.2004).

Conflict preemption under ERISA § 514(a) is a true preemption doctrine that may be raised as an affirmative defense against state-law claims. However, the general rule is that a defense of federal preemption of a state-law claim, even conflict preemption under ERISA § 514(a), is an insufficient basis for original federal question jurisdiction under 28 U.S.C. § 1331(a) and removal jurisdiction under 28 U.S.C. § 1441(a). *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

3

Defendants, as the parties seeking removal[1] based on federal-question jurisdiction, must show that Pirouzian's claim is completely preempted by Section 502(a), and that is what NMLIC attempted to argue in its notice of removal. NoR ¶ 22 ("ERISA provides the exclusive federal remedy for the enforcement of rights and obligations. *See* [Section 502(a)].") However, NMLIC conflated Section 514(a)'s conflict preemption with Section 502(a)'s complete preemption, when it stated that the removability issue turned on whether Pirouzian's claim "relates to" an ERISA plan.[2] To establish that a plaintiff's claim is completely preempted by Section 502(a), a defendant must show that: (1) plaintiff, "at some point in time, could have brought [the] claim under ERISA [Section 502(a)(1)]," *and* (2) "there is no other independent legal duty that is implicated by [the] defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

B. The *Davila* Analysis

The first requirement for complete preemption is that the plaintiff's claim could have been brought under Section 502(a), which provides in relevant part:

A civil action may be brought −

(1) by a participant or beneficiary −

    (A) for the relief provided for in subsection (c) of this section, or

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1332(a). Section 502(a)(1)(A) is not applicable here.[3] At issue is whether Pirouzian's claim could have been brought under Section 502(a)(1)(B). Pirouzian argues that it could not, because he seeks only "a declaration of his rights, that he did not commit fraud in receiving his past benefits." Mot. at 5. The Court agrees that Pirouzian's claim is not, in essence, a claim for the recovery of an ERISA benefit plan.

The Court would initially note that Pirouzian's Complaint does contain some ambiguous

---

[1] As noted earlier, NMLIC filed, with CSSD's consent, the notice of removal. NMLIC has since been dropped from this action.

[2] The notice of removal discusses Section 514(a)'s conflict preemption, stating that "[a]ll state law causes of action that 'relate to' ERISA plans are completely preempted and are properly dismissed." NoR ¶ 23. NMLIC ported Section 514(a)'s "relate to" analysis over to Section 502(a), a mistake that the Ninth Circuit acknowledges it may share some blame for. *See Marin Gen. Hosp.*, 581 F.3d at 945-46 ("We may have been partially responsible for the parties' confusion between complete preemption under § 502(a), which provides a basis for federal question removal jurisdiction, and conflict preemption under § 514(a), which does not.")

[3] That provision concerns an administrator's refusal to supply certain information mandated by law.

language in regards to the scope of the declaration which he is seeking. While Plaintiff's declaratory relief request does seek determinations which are unrelated to ERISA (*e.g.*, the propriety of CSSD's termination of his employment), the Complaint does claim that:

> Defendants CSSD and NWM wrongfully, mistakenly, or falsely instructed Plaintiff as to how he could receive disability benefits. Plaintiff relied on the information Defendants provided to him. * * * *
>
> [There is a current dispute as to] Whether NMI's pending dispute over the validity of Plaintiff's disability insurance payments, was based on wrongful, mistaken or even fraudulent information . . . ."

*See* Docket No. 1-1 at 10-11 of 73. Nevertheless, in his Motion to Remand, Plaintiff makes it clear that he does not allege or seek "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* Docket No. 16 at 5 of 6.

As recounted earlier, Pirouzian already reimbursed NMLIC and paid restitution to California's Department of Insurance. At this point, Pirouzian does not seek payment of benefits, but is focused on challenging the findings in the criminal case and administrative proceedings that he acted dishonestly when he lied about his employment status to CSSD and NMLIC. *See*, *e.g.*, *Byars v. Greenway*, 14-1181, 2014 WL 7335694 (W.D. Tenn. Dec. 19, 2014) (finding that plaintiff's state-law claim was not within the scope of Section 502(a)(1)(B), in large part because she was not "seek[ing] to be reinstated as a beneficiary or for payment of previously accrued benefits").

NMLIC (while it was still a party in this action) and CSSD have not filed an opposition to the Motion to Remand, nor have they otherwise challenged Plaintiff's characterization of the scope of his Complaint. Also, under C.D. Cal. L.R. 7-12, the "failure to file any required paper . . . may be deemed consent to the granting . . . of the motion. Therefore, the Court finds that the first prong is not met. As a result, there is no need to examine the second prong, and the Court concludes that Pirouzian's claim is not completely preempted. Remand is therefore proper, since the Court lacks subject matter jurisdiction.

In addition to seeking remand, Pirouzian also asks for attorney fees and costs associated with the removal pursuant to 28 U.S.C. § 1447(c). That section provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has stated that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court does not find that Defendants' reasons for removing the case were objectively unreasonable, especially given the somewhat loose language of the Complaint as to what Plaintiff was seeking in regards to the declaration in this lawsuit. "[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id.* at 140. Therefore, the Court declines Pirouzian's request for attorney fees and costs.

## IV. Conclusion

The Court finds that the present motions can be decided without the need for oral argument, especially given the lack of a filing of any opposition to the Motion to Remand. Therefore, pursuant to C.D. Cal.L.R. 7-15, the April 13, 2020 hearing date is taken off-calendar.

Based on the foregoing discussion, the Court **GRANTS** Pirouzian's Motion to Remand and **DENIES** CSSD's Motion to Dismiss as now moot. This case is ordered remanded back to state court forthwith.